IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMONT BROWN, #341991  *
        Plaintiff,
    v.                                     * CIVIL ACTION NO. PJM-10-375

BOBBY SHEARIN  *
        Defendant.
                                      ***

MEMORANDUM

Procedural History

The Court received this 42 U.S.C. § 1983 complaint for injunctive relief on February 18, 2010, from Lamont Brown ("Brown"), an inmate housed at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. *See* ECF No. 1. He alleged that while confined at another Division of Correction prison he got into a conflict with members from the "666 Blue Boys" gang. Brown stated that after he was transferred to NBCI, prison staff gave his mail, with his sister's address, to gang members. He asserts that his sister was stabbed by gang members at her home in the District of Columbia. Brown asks to be transferred to an out-of-state prison system pursuant to the Interstate Corrections Compact ("ICC").

Defendant Shearin has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which has been opposed by Brown.[1] ECF Nos. 10, 12, & 13. The matter is ready for consideration and may be determined without oral hearing. *See* Local Rule 105.6 (D. Md. 2010).

Summary Judgment

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.

---

[1] As a matter of general housekeeping Defendant's Motion for Extension of Time (ECF No. 7) shall be granted *nunc pro tunc*.

56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Discussion

Defendant Shearin argues, by submission of NBCI Assistant Litigation Coordinator Roach's Declaration and documents from Brown's base file, that Shearin received no communications from Brown regarding the incidents at issue in the Complaint. ECF No. 10, Ex. 1, Roach Decl. Further, Roach affirms that there is nothing in Brown's base file or filed with the NBCI Intelligence Department concerning the 666 Blue Boys gang and Brown. Roach also maintains that while Brown has filed several administrative remedy procedure ("ARP") grievances concerning prison mail, accounts, and staff while at NBCI, none of the remedies concerning the allegations raised in this Complaint. Finally, Roach affirms that Brown has two enemies noted on his OBSCIS list, but neither enemy is housed at NBCI. Roach indicates that if Brown fears that his life is in danger at NBCI or would like consideration for the ICC, he should contact NBCI staff. *Id*.

Shearin argues that there has been no "constitutional delinquency," he may not be found liable under the doctrine of respondeat superior, and the case should be dismissed as Brown failed to exhaust his administrative remedies.

Brown asserts that he filed other ARPs which were not looked into and his sister called NBCI seeking Brown's transfer out of state. ECF No. 12. He relates several incidents involving the NBCI chaplain and officers related to a kosher food diet, property confiscation, and mail tampering. Brown further states that he wrote the Commissioner of the Division of Correction and the Secretary of the Public Safety & Correctional Services about his issues and spoke with NBCI Sergeant Smith about an ICC transfer.[2] *Id*.

Deliberate indifference in the context of a prisoner failure-to-protect claim requires that a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302-303 (4th Cir. 2004); *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Under Fourth Circuit law, liability under the *Farmer* standard requires two showings. First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the officers *should have* recognized it; they actually must have perceived the risk. *See Rich v. Bruce,* 129 F.3d 336, 340 n. 2 (4th Cir.1997). Second, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." *Id*. As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official

---

[2] Attached to Brown's first Opposition is an Inmate Request submitted to NBCI Major Mallott on or about July 20, 2010, regarding his safety. ECF No. 12 at Attachment 1. Brown's second Opposition contains formal and informal remedies from late July 2010, which vaguely reference his wish for an ICC transfer. ECF No. 13. All attachments were allegedly filed with NBCI staff after Defendant's responsive pleading, which was submitted on July 14, 2010.

actually *must have* recognized that his actions were insufficient. *See Brown v. Harris,* 240 F.3d 383, 390-91 (4th Cir. 2001). Further, to state a claim for damages, the inmate must show a serious physical injury. *See De'Lonta v. Angelone*, 330 F. 3d 630, 634 (4th Cir. 2003); *see also Babcock v. White*, 102 F.3d 267, 272-73 (7th Cir. 1996).

The Court shall first examine Defendant's assertion that the case should be dismissed in its entirety due to Brown's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ("PLRA") generally requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Brown's allegations. His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendant has forfeited his right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Id*. at 530; *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final

4

administrative review after the prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003), *abrogated on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not also seek judicial review); *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated within thirty calendar days of the incident (or of the date the inmate first gained knowledge of the incident or injury) is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the IGO. *See* Division of Correction Directive 185-002.VI.L-N (copy attached); *see also* Md. Code Ann. Corr. Serv. §§ 10-201 to 10-209.

Defendant's record shows that Brown filed no grievances concerning the threat of harm from gang members at NBCI. While Brown disputes the allegation of non-exhaustion, he has failed to come forward with any documentation showing that ARPs were submitted regarding his safety and were fully exhausted. While this court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials," *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007), there is no allegation here that Brown, through no fault of his own, was prevented from availing himself of the ARP process. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th

5

Cir. 2008). Instead, Brown through his own actions failed to follow through with the full ARP process offered by the Division of Correction. Therefore, Defendant's Motion for Summary Judgment for failure to exhaust administrative remedies shall be granted.

Moreover, Brown's failure-to-protect claims are subject to summary judgment in favor of Warden Shearin on the facts and law. No personal liability has been alleged or established against Shearin with regard to the failure-to-protect claim. To establish supervisory liability on the part of the Warden, Brown must show that: (1) the Warden had actual or constructive knowledge that his subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) the Warden's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the Warden's inaction and the particular constitutional injury suffered by plaintiff. *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994). Brown has provided no evidence demonstrating any of these factors.

## Conclusion

For the aforementioned reasons, defendant's responsive pleading, construed as a motion for summary judgment, shall be granted. A separate order follows.

/s/<br>
PETER J. MESSITTE<br>
UNITED STATES DISTRICT JUDGE

January 3, 2011